UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ROSTISLAV KHRAPKO,

                               Plaintiff,

                                   DECISION AND ORDER

                                   19-CV-6309L

            v.

KRISTIN SPLAIN, et al.,

                               Defendants.
_____

Plaintiff Rostislav Khrapko, appearing pro se, commenced this action under 42 U.S.C. § 1983. Plaintiff has sued four individuals–Kristin Splain, Mark Schlechter, Jody Wood and Kathryn Muller–and the County of Steuben (New York), asserting claims relating to divorce proceedings between plaintiff and his now ex-wife.

Defendants Splain, Schlechter, and Wood, all of whom are represented by the New York State Attorney General, have moved to dismiss the claims against them pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. For the reasons that follow, the motion is granted.

## BACKGROUND

According to the amended complaint (Dkt. #3), the divorce action was commenced in Supreme Court, Steuben County, on August 10, 2016. On August 12, 2016, the court issued an order appointing defendant Splain as referee pursuant to N.Y. CPLR § 4311 with authority to "hear and determine all issues." (Dkt. #3 at 3, 16.) Plaintiff alleges that contrary to what was

stated in that order, he had not consented to Splain's appointment, but that he did eventually consent in May 2017, during the child custody trial, "under the threat of starting the trial over again ... ." (Dk. #3 at 3.)

At one point in the divorce proceedings, Splain issued a decision concerning the distribution of the parties' assets. Plaintiff contends that the decision contains, and is based on, several factual errors. Further proceedings ensued, with results that were again not to plaintiff's liking, and which he again alleges were based on falsehoods and "actual malice" against him on Splain's part.

Plaintiff alleges that he filed a motion or objections to one of Splain's orders, and that he received a response from defendant Court Attorney Mark Schlechter. Plaintiff has attached to the amended complaint two letters to him from Schlechter stating that if plaintiff "wish[ed] to contest the findings and conclusions made by the Court, [the appropriate] remedy would be to file an appeal to the Appellate Division, Fourth Department," and suggesting that plaintiff consider seeking the advice of counsel if he wished to pursue the matter further. (Dkt. #3 at 18, 19.)

Plaintiff further alleges that in January 2019, he filed a motion to reconsider one of Splain's orders concerning the disposition of marital assets. Splain set a return date for the motion to be submitted on the papers, without oral argument. Later, he alleges, he learned that defendant Court Clerk Jody Wood changed the schedule, and set an appearance date, without notifying plaintiff.[1]

---

[1] From the papers attached to the complaint, it appears that plaintiff's wife filed a cross-motion for contempt, and that it was her motion that was scheduled for an in-court appearance. *See* Amended Complaint Ex. C.

Based on these allegations, plaintiff seeks: (1) declaratory and injunctive relief and money damages against Splain, based on alleged due process violations discrimination; (2) damages against Schlechter, also based mostly on alleged due process violations; (3) damages against Wood, based on due process violations; and claims against (4) Steuben County Commissioner of Social Services Kathryn Muller and (5) Steuben County, based on their alleged actions relating to plaintiff's alimony obligations. Muller and Steuben County (who are represented by private counsel) have answered the complaint (Dkt. #6, #7) but have not moved against it at this point.

**DISCUSSION**

**I. Domestic Relations Exception**

The moving defendants contend that plaintiff's claims against them should be dismissed for lack of subject matter jurisdiction. Defendants rely on the "domestic relations exception" to federal jurisdiction, which "divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). *See also Khalid v. Sessions*, 904 F.3d 129, 133 (2d Cir. 2018) ("Family law ... is an area of law that federal courts and Congress leave almost exclusively to state law and state courts"); *Tomczyk v. New York Unified Court System*, No. , 2019 WL 2437849, at *2 (E.D.N.Y. June 10, 2019) ("Under the domestic relations exception, 'divorce, alimony, and child custody decrees' remain outside federal jurisdictional bounds") (citing *Marshall v. Marshall*, 547 U.S. 293, 308 (2006)).

"[T]he Second Circuit has repeatedly held that 'subject matter jurisdiction may be lacking in actions directed at challenging the results of domestic relations proceedings,' and has made clear that 'a plaintiff cannot obtain federal jurisdiction merely by rewriting a domestic dispute as a tort claim for monetary damages.'" *Selvaggio v. Hiatt*, No. 19-CV-3185, 2019 WL 2515618, at *2 (E.D.N.Y. June 18, 2019) (quoting *Martinez v. Queens County Dist. Att'y*, 596 F. Appx. 10, 12 (2d Cir. 2015), and *Schottel v. Kutyba*, No. 06-1577-cv, 2009 WL 230106, at *1 (2d Cir. Feb. 2, 2009)).

To be sure, the exception is not exceptionally broad. *See Williams v. Lambert*, 46 F.3d 1275, 1283 (2d Cir. 1995) (describing exception as "very narrow"). It does not mean that federal courts lack jurisdiction to hear any claim even touching upon a domestic dispute. *See Deem v. DiMella-Deem*, No. 18-CV-11889, 2019 WL 1958107, at *12 (S.D.N.Y. May 2, 2019). But if the controversy "begin[s] and end[s] in a domestic dispute," federal courts generally lack jurisdiction, or should abstain from exercising jurisdiction, to intervene.[2] *Schottel*, 2009 WL 230106, at *1.

To some extent, plaintiff's claims in this case do directly implicate the outcome of the state court proceedings. For example, he seeks "declaratory relief order to restore the due process of Plaintiff's motions," and "injunctive relief judgement on [his] motion of 1-14-19 ... ." (Dkt. #3 at 8.)

To the extent that plaintiff's claims challenge the outcome, or any aspect of the underlying proceedings in state court, those claims are dismissed, pursuant to the domestic

---

[2] Courts addressing the exception have discussed it both in terms of lack of subject matter jurisdiction and abstention, which are separate principles. A court cannot abstain from exercising jurisdiction unless it has jurisdiction in the first place. But the distinction is of no moment here, as explained in the body of this Decision and Order.

4

relations exception to federal jurisdiction. This Court lacks jurisdiction to hear those claims, and to the extent that plaintiff frames his claims in terms of due process, the Court abstains from exercising jurisdiction over any such claims seeking relief that could affect the outcome of the state court proceedings.

**II. Due Process**

Plaintiff has alleged that all the moving defendants denied him due process. He seeks damages from them based on that alleged violation of his constitutional rights.

Since the claims for damages do not directly implicate his divorce proceedings, they are not barred by the domestic relations exception. But they are meritless and must be dismissed.

It is not clear from plaintiff's complaint whether he is alleging a violation of substantive or procedural due process rights. Because some allowance must be made for the fact that plaintiff is proceeding pro se, the Court will consider both.

A plaintiff states a claim for a denial of substantive due process when he alleges conduct that is "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *County of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998). "When government action depriving a person of life, liberty, or property survives substantive due process scrutiny, it must still be implemented in a fair manner. This requirement has traditionally been referred to as 'procedural' due process." *Valerio v. Barr*, No. 19-CV-519, 2019 WL 3017412, at *3 (W.D.N.Y. July 10, 2019). To prevail on a procedural due process claim, the plaintiff must demonstrate: "(1) that the plaintiff possessed a constitutionally protected interest, (2) that such interest was deprived as a result of government action, (3) and that the deprivation occurred

5

without constitutionally adequate pre- or post-deprivation process." *Toth ex rel. Toth v. Bd. of Educ., Queens Dist. 25*, No. 07-CV-3239, 2008 WL 4527833, at *4 (E.D.N.Y. Sept. 30, 2008).

Plaintiff has not alleged facts supporting a claim of a substantive due process violation. He has alleged nothing more than that defendants took certain actions, or failed to do certain things, that discomfited him or adversely affected him in the context of the divorce proceeding. But those acts fall far short of what is needed to make out a substantive due process claim. *See Kochan v. Schawbenbauer*, No. 17-cv-452, 2018 WL 3848432, at *6-*7 (W.D.N.Y. Aug. 13, 2018) (dismissing plaintiff's substantive due process claim against town court clerk based on clerk's alleged errors in state court proceeding).

Nor has plaintiff stated a claim for denial of procedural due process. He has done little more than repackage everything that he found objectionable in the state court, under the guise of a federal procedural due process claim. In some instances (such as Schlechter's letters to plaintiff), it is not even clear what the alleged deprivation consisted of, but in any event, plaintiff has not shown that he lacked constitutionally adequate avenues of relief in the state courts. Plaintiff does not allege that the state proceedings were fundamentally unfair, but that the individual defendants acted wrongfully. If that is correct, he can seek a remedy in state court. *See Rivera-Powell v. N.Y.C. Bd. of Elections*, 470 F.3d 458, 465 (2d Cir. 2006) ("When the state conduct in question is random and unauthorized, the state satisfies procedural due process requirements so long as it provides meaningful post-deprivation remedy").

In short, it appears that plaintiff would have this Court sit as a "super appeals" court to review the correctness of state court decisions. The Court may not and will not do so. *See Lucas v. Los Angeles County Dep't of Pub. Soc. Services*, No. CV 19-364, 2019 WL 2932549, at *4

(C.D.Cal. June 14, 2019) ("A federal court does not act as a super-appellate court for state judicial proceedings. To the contrary, federal courts are precluded from reviewing or overturning state court actions") (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)).

**III. Equal Protection**

Plaintiff makes several cursory references in his complaint to his having been discriminated against during the state court proceedings. *See*, *e.g.*, Dkt. #3 at 7 ¶ 23 ("Plaintiff was discriminated compared to the treatment received by the Other Party," *i.e.*, his ex-wife).

To the extent that such allegations can be read to assert a claim of denial of equal protection, they are facially meritless and must be dismissed. "To state an equal protection claim, [the] plaintiff must allege facts showing that: (1) he was treated differently from similarly situated individuals and (2) that the difference in or discriminatory treatment was based on 'impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.'" *Trowell v. Theodarakis*, No. 3:18-CV-446, 2018 WL 3233140, at *3 (D. Conn. July 2, 2018) (quoting *Diesel v. Town of Lewisboro*, 232 F.3d 92, 103 (2d Cir. 2000)). A plaintiff may also state an equal protection violation claim under the "class of one" theory by showing that he was "intentionally treated differently from others similarly situated and that there [was] no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

7

Plaintiff has not alleged facts supporting an equal protection claim under either theory. He has simply alleged, in conclusory fashion, that his (now ex-) wife received better treatment at the hands of the state court than he did. Parties to an adversarial court proceeding sometimes walk away thinking that they have been treated poorly, and probably never more so than in divorce cases. That is not to say that state courts are free to trample on federal constitutional rights, but only that to state a federal claim, more is required than a bald assertion that the plaintiff was "discriminated" against, vis-a-vis the other party. Were it otherwise, virtually every disgruntled litigant could seek redress in federal court, alleging an equal protection violation. That is not the law, and plaintiff has not made out a facially valid equal protection claim.

**IV. Immunity**

While the Court's findings render it unnecessary to reach defendants' immunity defense, I nonetheless note my agreement with defendants that even if plaintiff had stated a valid claim against any of the defendants, over which this Court has jurisdiction, defendants are immune from liability.

Splain is immune under the doctrine of absolute judicial immunity. The law is clear that court referees are entitled to absolute judicial immunity from liability with respect to acts taken in the scope of their duties. *See Green v. Kadilac Mortg. Bankers, Ltd.*, 936 F.Supp. 108, 115 (S.D.N.Y. 1996)); *Weiss v. Feigenbaum*, 558 F.Supp. 265, 272 (E.D.N.Y. 1982). *See also Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009) ("[E]ven allegations of bad faith or malice cannot overcome judicial immunity").

In addition, court clerks and other court employees are entitled to immunity for ministerial and administrative acts taken within the scope of their duties. *See Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997); *Pierre v. EDNY*, No. 18-CV-12193, 2019 WL 1988528, at *3 (S.D.N.Y. May 3, 2019); *Mitchell v. Conn. Region 14 Dist. Probate Court*, No. 14-cv-630, 2015 WL 4094188, at *4 (D.Conn. July 7, 2015). Thus, Schlechter and Wood are immune from liability as well.

Although plaintiff has attempted to preempt an immunity defense by alleging by alleging that the "nature of [defendants'] actions" precludes such a defense, *see* Dkt. #3 at 8-10, that attempt is unavailing. The facts alleged by plaintiff show that defendants were acting within the scope of their duties. That plaintiff was unhappy with their actions does not alter the result.

**V. Official-Capacity Claims**

To the extent that any of plaintiff's claims are brought against defendants in their official capacities, those claims are dismissed. Such claims may only be brought to seek equitable relief, and for the reasons stated above, there is no basis for any relief here, legal or equitable.

## CONCLUSION

The motion to dismiss brought by defendants Kristin Splain, Mark Schlechter, and Jody Wood to dismiss the complaint (Dkt. #10) is granted, and the complaint is dismissed with prejudice as to those three defendants.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       July 23, 2019.