UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROSTISLAV KHRAPKO,

                                          DECISION AND ORDER

                      Plaintiff,

                                          19-CV-6309L

        v.

KRISTIN SPLAIN, et al.,

                      Defendants.
_____


       Plaintiff Rostislav Khrapko ("plaintiff") appearing *pro se* filed an Amended Complaint (Dkt. #3) against New York State and Steuben County (New York) officials, alleging claims under 42 U.S.C. § 1983.  The claims relate to divorce proceedings between plaintiff and his former wife.  The state defendants--Kristin Splain (the referee appointed to hear and determine issues in the divorce proceeding), as well as Mark Schlechter and Jody Wood, both state employees–moved to dismiss the Complaint.  On July 23, 2019, this Court entered a Decision and Order (Dkt. #16) granting the motion to dismiss, and dismissed all of plaintiff's claims against the state defendants, with prejudice, on several grounds.

       Subsequent to that decision, the remaining defendants, all employees of Steuben County, likewise moved to dismiss the complaint against them.  (Dkt. #28).  Plaintiff filed a response in opposition to the motion (Dkt. #31), and the county defendants filed a reply memorandum (Dkt. #32) in further support of the motion to dismiss.

       Based on this Court's prior Decision and Order (Dkt. #16) granting the New York State defendants' motion to dismiss and the authority cited in that decision, as well as the authority cited in the Steuben County defendants' papers (Dkt. ##28-2; 32), it is clear that plaintiff has

failed to state a cognizable claim against the County defendants, and therefore the County defendants' motion to dismiss is hereby granted in all respects.

Although plaintiff has presented this case as a civil rights complaint under 42 U.S.C. § 1983, it is essentially nothing more than a challenge to the adverse decisions rendered against him in divorce proceedings in Steuben County involving his divorce, spousal maintenance and child custody. Regardless of how the action is styled, it does not present a federally cognizable civil rights claim.

This Court has no subject matter jurisdiction over matters involving divorce, alimony and child custody. In the Court's July 23, 2019 Decision and Order involving the state defendants, the Court set forth in detail the law relating to the so-called domestic relations exception, which precludes federal court involvement in domestic relations matters. That principle, as this Court pointed out, has been recognized by the United States Supreme Court and the Second Circuit. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1982); *Khalid v. Sessions*, 904 F.3d 129, 133 (2d Cir. 2018).

So to the extent plaintiff challenges the outcome or any aspect of the divorce proceedings in state court, such claims are dismissed with prejudice. Plaintiff had remedies in state court to challenge adverse decisions by appealing those decisions to the Supreme Court, Appellate Division, Fourth Department, or by commencing an Article 78 proceeding. Plaintiff's remedy, though, is clearly *not* to pursue a claim in federal court. In essence, plaintiff has asked this Court to review the correctness of the state court's decisions adverse to him.

Furthermore, it is not entirely clear how plaintiff was injured by actions of county employees. As discussed above, the essence of plaintiff's complaint involves his disagreement with the judicial findings made against him in the divorce proceedings. Apparently plaintiff

refused or neglected to pay court-ordered support and received a delinquency notice from New York State officials. Steuben County officials did not cause that deficiency notice to issue. There is no basis for this Court to intervene in New York State proceedings to enforce support obligations.

Plaintiff's speculative fear that he may have faced consequences for failure to comply with the State enforcement judgment provides no basis for this Court to intervene in State proceedings. In any event, to the extent Steuben County officials acted in concert with New York State officials in enforcing support obligations, they enjoy immunity under the Eleventh Amendment and claims relating to these activities must be dismissed.

## CONCLUSION

The motion of the Steuben County defendants (Dkt. #28), as supplemented (Dkt. #32), is in all respected GRANTED, and plaintiff's Amended Complaint (Dkt. #3) as to these defendants is dismissed with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       July 21, 2020.

3